■ CANDIS JACKSON, Appellant, v MONTEFIORE MEDICAL CENTER/THE JACK D. WEILER HOSPITAL OF THE ALBERT EINSTEIN COLLEGE OF MEDICINE, Respondent. [45 NYS3d 422]—

Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered May 1, 2015, in favor defendant, pursuant to an order, same court and Justice, entered April 6, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant made a prima facie showing that it did not depart from the standard of care in placing plaintiff on bedrest in the Trendelenburg position, rather than performing or offering to perform a cerclage (*see Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]). In opposition, the evidence plaintiff submitted was speculative and insufficient to raise a triable issue of fact as to whether defendant had departed from the standard of care or whether such departure was a proximate cause of the stillbirth (*id.*). Plaintiff's expert opined that emergency cerclage was a "feasible" alternative to the Trendelenburg position, albeit one presenting substantial risks to the mother and fetus, and that plaintiff's cervical incompetency condition "might have been amenable to successful treatment with cerclage." Further, the medical literature submitted by the expert indicated that studies had concluded that emergency cerclage might be an alternative treatment option, but that further studies concerning its risk and efficacy were required. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.